UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| *Kalily*, 3:06-00376 ) | |

# ORDER

Steven Kalily (Steven) was substituted provisionally in this case on March 4, 2013 for his late father, Victor Kalily, who died intestate on January 15, 2011.[1] (DE 6377 ¶ 1, p. 1, 6424; Related Case 28, 33) Steven now moves to be substituted without condition as plaintiff in this action as "successor in interest" to the estate of his late father under Cal. Civ. Proc. § 377.11 rather than by appointment of the California courts as the "personal representative" of his late father's estate. (DE 6672; Related Case 48) The Novartis Pharmaceuticals Corporation (NPC) opposes the motion to substitute, has moved to vacate the order provisionally substituting Steven as plaintiff, and moves to dismiss this case with prejudice. (DE 6719; Related Case 49) This order addresses only plaintiff's motion to substitute.

In California, "[o]n motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. § 377.31. "Successor in interest" is defined under California law as the "beneficiary of the decedent's estate . . . who succeeds to a cause of action or to a particular item of the property that is the subject of action." *Lickter v. Lickter*, 189 Cal.App.4th 712, 722 (Oct. 27, 2010)(quoting Cal.

---

[1] Victor Kalily is survived in death by his wife, Bedour Kalily (Ms. Kalily), his son, Steven, and his daughter, Serena Kalily (Serena). (DE 6377 ¶ 4, p. 1; 6672 Ex. A, ¶ 4, p. 1; Related Case 28, 48)

Civ. Proc. § 377.11). Beneficiaries to the estate of a decedent who, as here, died intestate are defined as "the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action . . . ." *Id*. (quoting Cal. Civ. Proc. § 377.10(b)

Since no action has been taken to have a "personal representative" appointed by order of the California courts, nor does it appear that any action will be taken, the question becomes: "Does being a deceased party's 'successor in interest' suffice for purposes of substitution in this multi-district litigation (MDL) and, if so, who is the 'successor in interest' in this case?" Because § 377.31 is a clear either-or proposition, the Magistrate Judge finds that a party who is, in fact, a "successor in interest" is not barred from substitution in this MDL merely because he has not been appointed the deceased's "personal representative" by order of the California courts. That said, the next part of the question is who, if anyone, is the "successor in interest" in this case.

Steven has submitted an affidavit in which he claims that he is the "successor in interest" under § 377.11. In it, he makes the following specific statements relevant to that claim:

> I am the decedent's successor in interest, as defined in Code Civ. Proc., ¶ 377.11, and succeed to my father's interest in the action.
>
> No other person has a superior right to commence the action or proceeding or to be substituted for my father in the pending action or proceeding.

(DE 6672 Ex. A, ¶¶ (6)-(7), pp. 1-2; Related Case 48) As explained below, these statements misrepresent Steven's standing *vis-a-vis* California law and this case.

As previously noted, Victor Kalily is survived in death by his wife, Ms. Kalily. California is a "community property" state. *See In re Marriage of Haines*, 33 Cal.App. 4th, 277, 288-295 (Mar. 21, 1995). Damages for personal injuries to a spouse are community property. Cal. Fam. Code § 780; *see Farag v. ArvinMeritor, Inc.*, 205 Cal.App. 4th 372, 374 (Apr. 24, 2012). When a married person dies intestate in California, the surviving spouse succeeds to the decedent's share of the

community property by operation of law, *i.e.*, without the need for probate. Cal. Prob. Code §§ 100(a), 6401(a); *see In re Estate of Bonanno*, 165 Cal.App. 4th 7, 19 (Jul. 22, 2008).[2]

Ms. Kalily was Victor Kalily's spouse at the time of his death. Therefore, under California's community property laws, their shared interest in this action conveyed to Ms. Kalily in toto upon her husband's death without the need for probate. In other words, under California's community property laws, Ms. Kalily alone satisfies the "sole person" definition of beneficiary under § 377.10(b) and, as such, she is the proper "successor in interest" in this case under § 377.11.[3]

Because Ms. Kalili satisfies the "sole person" definition of beneficiary, Steven cannot satisfy it as well. There can be only one "sole person" beneficiary. Even if Ms. Kalily were removed from the equation, Steven still does not satisfy the definitions of beneficiary under § 377.10(b) because his sister Serena retains an interest in this action. More particularly, Steven cannot be the "sole person" because of Serena, and he cannot be "all of the persons" without her.

For the reasons explained above, Steven is not the "successor in interest" to his late father's estate. That said, Steven could have been "authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed[] to the decedent's interest in the action or proceeding." Cal. Civ. Pro. § 377.32(a)(5)(B)(parenthetical reference in the original). More particularly, Steven's mother could have "authorized" him to act on her behalf. Indeed, that may have been Steven's intent. His affidavit and accompanying certified copy of his father's death certificate comply with the requirements of § 377.32 . . . except that he

---

[2] Section 100(a) reads as follows: "Upon the death of a married person, one-half of the community property belongs to the surviving spouse and the other half belongs to the decedent." Section 6401(a), in turn, reads "As to community property, the intestate share of the surviving spouse is the one-half of the community property that belongs to the decedent under Section 100."

[3] Although it was represented in the motion for provisional substitution that Ms. Kalili and her "children have agreed that Steven . . . will take the steps necessary to gain the legal authority to continue the suit," there is nothing in the record that suggests Ms. Kalily has relinquished her rights under the California community property laws to Steven.

3

chose to execute his affidavit as "the decedent's successor in interest" under § 377.32(a)(5)(A), rather than as one "authorized to act on behalf of the decedent's successor in interest" under § 377.32(a)(5)(B). The Magistrate Judge may not construe one thing where plaintiff has clearly stated another.

Plaintiff's motion to substitute (DE 6672; Related Case 48) is **DENIED** for the reasons explained above. Plaintiff may amend his motion to substitute, should he elect to do so, but not later than July 18, 2013. Should plaintiff again seek to substitute someone as "successor in interest" other than Ms. Kalily, plaintiff shall provide an affidavit from Ms. Kalily advising the court that she has authorized that substitution. Although not required under California law, the Magistrate Judge requires Ms. Kalily's affidavit to protect her interests in this case, a matter of concern given the number of apparent misrepresentations in this matter. The Magistrate Judge has difficulty understanding the reluctance to probate in these cases. Counsel has again complicated a simple process.

Plaintiff is forewarned that, should he fail to comply fully with this order by July 18, 2013, the Magistrate Judge will recommend that this case be dismissed with prejudice for failure to comply with the orders of the court, for failure to comply with the Case Management Order in this MDL, and for failure to comply with Rule 25(a)(1), Fed. R. Civ. P. No extensions of time will be granted absent good cause shown.

It is so **ORDERED**.

**ENTERED** this the 10th day of July, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge